

**ORDERED in the Southern District of Florida on April 20, 2026.**

![signature]

**Scott M. Grossman, Chief Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

MARIA GABRIELA CELESTINO,             Case No. 21-21198-SMG

      Debtor.                                  Chapter 13

_____/

**ORDER TO SHOW CAUSE WHY ATTORNEYS ELIAS DSOUZA
AND KENNETH WALTON SHOULD NOT BE SANCTIONED
FOR FAILURE TO REPRESENT DEBTOR IN ACCORDANCE
WITH THE FLORIDA RULES OF PROFESSIONAL CONDUCT**

On April 16, 2026, the Court conducted a hearing on debtor Maria Gabriela Celestino's motion to reinstate case.[1] Although she is represented in her bankruptcy case by attorneys Elias Dsouza and Kenneth Walton, Ms. Celestino filed the motion to reinstate her case pro se. At the April 16, 2026, hearing, Ms. Celestino explained that she could not get in touch with her attorneys, so she took it upon herself to file

---

[1] Dkt. No. 66.

the motion to reinstate. Joanna Tempone, counsel for the chapter 13 trustee, also indicated at the hearing that she was having trouble getting in contact with Mr. Walton. Neither Mr. Dsouza nor Mr. Walton attended the April 16, 2026, hearing. Instead, attorney Joshua Miller attended on their behalf.

Rule 4-1.1 of the Florida Rules of Professional Conduct requires a lawyer to provide competent representation to a client. Under Rule 4-1.2(c) a lawyer and client may – if not otherwise prohibited by law or rule – agree to limit the objectives or scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent in writing. And under Rule 4-1.3, a lawyer must act with reasonable diligence and promptness in representing a client. Lastly, among the most fundamental of duties owed by a lawyer to his client is the duty to communicate. Rule 4-1.4 provides in relevant part that a lawyer shall "keep the client reasonably informed about the status of the matter"[2] and "promptly comply with reasonable requests for information."[3]

Additionally, under Bankruptcy Code section 526(a), a chapter 13 debtor's attorney must not fail to perform any service that the attorney informed the debtor the attorney would provide in connection with her bankruptcy case.[4] If, after notice and a hearing, the Court finds that the attorney intentionally or negligently failed to comply with its obligations under section 526 or disregarded the material

---

[2] Fla. R. Prof. Cond. 4-1.4(a)(3).

[3] Fla. R. Prof. Cond. 4-1.4(a)(4).

[4] 11 U.S.C. § 526(a)(1). Section 526(a) refers to a "debt relief agency." Under 11 U.S.C. § 101(12A), a "debt relief agency" includes "any person who provides bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration." "[A]ttorneys who provide bankruptcy assistance to assisted persons are debt relief agencies." *Milavetz, Gallop & Milavetz, P.A. v. United States*, 559 U.S. 229, 239 (2010).

requirements of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, that attorney may be liable to the debtor for any fees or charges the attorney received in connection with providing bankruptcy assistance to the debtor, for actual damages, and for reasonable attorneys' fees and costs.[5]

Accordingly, based upon the representations made at the April 16, 2026, hearing and for the reasons stated on the record, it is **ORDERED** that:

1.      Attorneys Elias Dsouza and Kenneth Walton **must appear in person** before the United States Bankruptcy Court for the Southern District of Florida on **May 15, 2026, at 10:30 a.m.** at the U.S. Courthouse, 299 E. Broward Blvd., Room 308, Fort Lauderdale, Florida 33301, to show cause why they should not be sanctioned for failing to adequately communicate with and represent their client Maria Gabriela Celestino in accordance with the Florida Rules of Professional Conduct[6] and 11 U.S.C. § 526(a).

2.      Any written response by Mr. Dsouza or Mr. Walton to this Order must be filed by **May 8, 2026**.

3.      Ms. Celestino's motion to reinstate has been continued to May 15, 2026, at 10:30 a.m. by a *Notice of Continued Hearing*.[7]

# # #

Copies furnished to:

All interested parties by the Clerk of Court

---

[5] 11 U.S.C. § 526(c)(2)(A), (C).
[6] *See* Fla. R. Prof. Cond. 4-1.1 (competence), 4-1.3 (diligence), and 4-1.4 (communication).
[7] Dkt. No. 70.

3